J-A29011-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TIMOTHY C. SMITH | : | |
| | : | |
| Appellant | : | No. 574 WDA 2022 |

Appeal from the PCRA Order Entered March 17, 2022
In the Court of Common Pleas of Jefferson County Criminal Division at
No(s):  CP-33-CR-0000083-2009

BEFORE:  BENDER, P.J.E., OLSON, J., and KUNSELMAN, J.

MEMORANDUM BY BENDER, P.J.E.:               **FILED: MARCH 27, 2023**

Appellant, Timothy C. Smith, appeals *pro se* from the post-conviction court's March 17, 2022 order denying, as untimely, his petition for relief under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546.  After careful review, we affirm.

We summarize the pertinent facts and procedural history of this case, as follows.  On January 5, 2009, Appellant was arrested and charged with various offenses in connection with his repeatedly having sexual contact with his minor step-daughter over the course of several years.  Following a jury trial on October 5th and 6th of 2009, Appellant was convicted of 23 counts of aggravated indecent assault, 18 Pa.C.S. § 3125(a)(7); 29 counts of indecent assault (victim less than 13 years of age), 18 Pa.C.S. § 3126(a)(7); and 26 counts of endangering the welfare of children, 18 Pa.C.S. § 4303(a)(1).  He was sentenced on June 23, 2010, to an aggregate term of 24 years', 8

months', and 1 day to 76 years' incarceration. This Court affirmed his judgment of sentence on direct appeal. *See Commonwealth v. Smith*, 34 A.3d 225 (Pa. Super. 2011) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with our Supreme Court.

Over the ensuing years, Appellant litigated two unsuccessful PCRA petitions, the denials of which were affirmed on appeal. *See Commonwealth v. Smith*, 120 A.3d 1067 (Pa. Super. 2015) (unpublished memorandum), *appeal denied*, 125 A.3d 1201 (Pa. 2015); *Commonwealth v. Smith*, 195 A.3d 1027 (Pa. Super. 2018) (unpublished memorandum), *appeal denied*, 202 A.3d 683 (Pa. 2019).

On November 12, 2021, Appellant filed the *pro se* PCRA petition underlying his present appeal. The Commonwealth summarizes the claim Appellant raised in that petition, along with the context of his argument, as follows:

> [Appellant] points to the testimony of Commonwealth witness [S.S.]…,[1] in which she described how she had relied upon expense reports and her work Outlook calendar to recall relevant details about her testimony. Some context is needed to adequately understand this issue. The child victim of [Appellant's] sexual abuse had testified to a time frame in which her mother, [S.S.], had been staying in a hotel suite in Pittsburgh while receiving nurse training. While [S.S.] was in Pittsburgh receiving this training, the victim was left alone at home with [Appellant]. The victim testified that, during this time[-]frame, [Appellant] sexually assaulted her often. *See* Notes of Testimony (hereinafter[,] "N.T."), 10/5/2009, [at] 77-79.

---

[1] [S.S.] is the victim's mother and was married to Appellant during the years he abused the victim.

[Appellant's] present claim is based on a short excerpt of testimony given by [S.S.] on the first day of trial. [S.S.] testified after the victim had already testified. During the relevant exchange, the prosecutor was seeking to establish the exact time frames surrounding the Pittsburgh training when the victim had been left alone with [Appellant]. [S.S.] testified that she attended the subject training in Pittsburgh from June 4, 2007[,] through July 11, 2007. Her daughter, the victim, had stayed … in Pittsburgh for portions of that time frame and, thus, [Appellant] would not have had access to her. This testimony was relevant for the purpose of corroborating the victim's testimony as well as establishing the number of counts that were submitted to the jury. **See** N.T.[,] 10/6/2009[,] at … 214. [S.S.] testified that she had used expense reports and her Outlook calendar from her work to help her reconstruct this timeline. Those documents were not entered into evidence. Indeed, it is unclear whether [S.S.] had them with her while she was testifying or not. **See** N.T.[,] 10/5/2009, [at] 191-93. [Appellant], 12 years later, now claims that the Commonwealth withheld these records in violation of their mandatory discovery obligations.

Commonwealth's Brief at 1-2.

On March 17, 2022, the PCRA court issued an order dismissing Appellant's petition as untimely. Appellant filed a timely, *pro se* notice of appeal, and he complied with the trial court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Herein, he presents two issues for our review:

I. Did the [Commonwealth] … commit misconduct when [it] knowingly violated the standards set[]forth in **Brady v. Maryland**[, 373 US 83 (1963),] and in doing so, violated [A]ppellant['s] 5th, 6th and 14th [c]onstitutional rights as afforded him through the [a]mendments to the United States Constitution?

II. Did the PCRA [c]ourt err in denying [A]ppellant merits review based on [the PCRA court's] position that the [c]ourt lacks jurisdiction to do so?

Appellant's Brief at vi.

We begin by recognizing that this Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007). We must begin by addressing the timeliness of Appellant's petition, because the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of a petition. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence becomes final, unless one of the following exceptions set forth in 42 Pa.C.S. § 9545(b)(1)(i)-(iii) applies:

> **(b) Time for filing petition.--**
>
> > (1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
> >
> > > (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
> > >
> > > (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
> > >
> > > (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time

> period provided in this section and has been held by
> that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition attempting to invoke one of these exceptions "be filed within one year of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Appellant's judgment of sentence became final in 2011 and, thus, his present petition, filed in 2021, is patently untimely. For this Court to have jurisdiction to review the merits thereof, Appellant must prove that he meets one of the exceptions to the timeliness requirements set forth in 42 Pa.C.S. § 9545(b).

Appellant contends that he satisfies a timeliness exception based on the Commonwealth's failure to disclose the expense reports and Outlook calendar relied upon by S.S. in her testimony. He maintains that the Commonwealth's withholding this evidence violated *Brady* because, had he been provided with these reports, he could have impeached S.S.'s testimony and raised reasonable doubt about the credibility of all the abuse allegations. Appellant insists that the Commonwealth's continued withholding of these reports meets the governmental-interference exception of section 9545(b)(1)(i). He further contends that he also has met the exception of section 9545(b)(1)(ii) because he did not discover the rule set forth in *Brady*, and realize the Commonwealth had violated that rule, until September of 2021, when he came across a newspaper article discussing *Brady* while "working with the legal committee"

in his prison. Appellant's Brief at 12. He explains that he promptly filed his *pro se* petition asserting the **Brady** violation after this discovery.

Appellant's arguments fail to satisfy either timeliness exception. Appellant clearly was aware of S.S.'s at-issue testimony the moment she spoke it, yet he never requested to see the reports or calendar she mentioned. Nothing in the record indicates that the government withheld these documents from Appellant or interfered with his ability to request them. There is also no evidence that the Commonwealth restricted Appellant's ability to assert his **Brady** claim at the moment S.S. testified about the purportedly withheld evidence. He also could have raised this **Brady** claim on direct appeal, or in either of his two prior PCRA petitions. While Appellant attempts to argue that he could not have raised his **Brady** claim earlier because the case was a 'new fact' he did not discover until 2021, he fails to explain why he could not have discovered the **Brady** decision sooner with the exercise of due diligence. **See Commonwealth v. Brown**, 111 A.3d 171, 176 (Pa. Super. 2015) ("A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced.") (internal citations omitted).

Thus, Appellant has not demonstrated that his untimely petition meets either of the timeliness exceptions he cites. Accordingly, the PCRA court did not err in dismissing his petition as untimely.

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn_
Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/27/2023